RECEIVED
FEB 27 2006
ROBERT H. SHEMWELL, CLERK
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT, LOUISIANA

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

HENRY O. SIBLEY

versus

COMMISSIONER OF THE SOCIAL
SECURITY ADMINISTRATION

CIVIL ACTION NO. 05-0273

JUDGE WALTER
**REFERRED TO:**
**MAGISTRATE JUDGE HORNSBY**

## MEMORANDUM RULING

**Introduction**

Henry Sibley ("Plaintiff") was born in 1941. He has a high school education and past relevant work experience as a heavy machine operator and carpenter's helper. He alleges that he became disabled June 15, 2001.

ALJ Raymond Gollmitzer issued a decision dated February 20, 2003 that denied the application. The ALJ analyzed the claim pursuant to the five-step sequential analysis set forth in 20 C.F.R. § 404.1520 (governing claims for disability insurance benefits) and § 416.920 (parallel regulations governing claims for Supplemental Security Income) and described in Barnhart v. Thomas, 124 S.Ct. 376, 379-80 (2003). He found that Plaintiff had not worked since the alleged onset date (step one) and that he suffered from severe impairments (step two) in the form of benign prostatic hypertrophy with recent prostatectomy, hypertension and arthritis. The impairments did not meet or equal a listing (step three).

The ALJ then discussed at length the medical evidence and testimony, assessed the weight and credibility of the evidence, and concluded that Plaintiff had a residual functional capacity ("RFC") to perform medium work. Medium work includes the ability to lift or carry up to 50 pounds occasionally and 25 pounds frequently; sit, stand and walk about six hours in an 8-hour work day; and push and pull without limitation other than as shown for lifting and carrying.

The ALJ found that Plaintiff could not, considering his age (closely approaching retirement age) and other vocational factors, perform his past relevant work (step four). The ALJ then turned to the Medical-Vocational Guidelines and found that Rule 203.07 directed a conclusion of "not disabled" for a person with Plaintiff's RFC, age, education and work experience. The Appeals Council denied review, and Plaintiff filed this civil action seeking the limited judicial review permitted by 42 U.S.C. § 405(g). Both parties consented to have the case decided by a magistrate judge, and the case was referred to the undersigned pursuant to 28 U.S.C. § 636(c) and the standing order of the district court regarding social security cases.

**Issues on Appeal**

Plaintiff reports that, since he filed this appeal, he filed a new application with the agency. Benefits were awarded effective March 8, 2005. Of course, this appeal concerns only Plaintiff's claim that he became disabled in June 2001 and the ALJ's February 2003 decision and the Appeals Council's December 2004 action.

Plaintiff's statement of errors are that (1) the ALJ erred when he did not find Plaintiff disabled under Rules 202.20 and 202.21 and (2) the ALJ did not meet his burden of establishing that there are jobs available in significant numbers in the economy that Plaintiff could maintain.

**Standard of Review; Substantial Evidence**

This court's standard of review is (1) whether substantial evidence of record supports the ALJ's determination, and (2) whether the decision comports with relevant legal standards. Villa v. Sullivan, 895 F.2d 1019, 1021 (5th Cir. 1990). "Substantial evidence is more than a scintilla and less than a preponderance. It is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Muse v. Sullivan, 925 F.2d 785, 789 (5th Cir. 1991). A finding of no substantial evidence is justified only if there are no credible evidentiary choices or medical findings which support the ALJ's determination. Johnson v. Bowen, 864 F.2d 340, 343-44 (5th Cir. 1988).

**Analysis**

Plaintiff does not articulate in his brief or reply how Rules 202.20 and 202.21 should have been applied to this case. Those rules apply to a person who has an RFC for light work and who is a younger individual. Neither of those factors is applicable. In any event, if those rules apply, they direct a conclusion that the applicant is not disabled. Another rules issue stems from Plaintiff's submission of a report from Richard Galloway, Ph.D., a licensed rehabilitation counselor, who reported that Plaintiff had, despite his high school education,

only marginal academic skills. Tr. 165-70. The Commissioner points out that Rule 203.03 would, if Plaintiff were found to have a limited education, nonetheless direct a conclusion of not disabled.

Plaintiff's argument under Issue 1 notes the ALJ's findings that Plaintiff had not engaged in substantial gainful activity since the alleged onset date, could not perform his past relevant work, was 61 years old and did not have any acquired work skills that were transferable to skilled or semi-skilled work. Plaintiff then states that those findings "would appear to be in contradiction to [the ALJ's] unfavorable decision" of the claim because it "is evident" that Plaintiff is disabled. Plaintiff does not point to any specific evidentiary or legal mistakes by the ALJ.

The record does not contain a detailed set of findings from a treating physician, but consultative physician Charles Werner, M.D., examined Plaintiff in September 2002. Plaintiff reported that he had undergone prostate and hemorrhoid surgery and experienced some incontinence that required him to urinate 10 to 15 times a day. Plaintiff also reported that he fell from a truck in 1996 and injured his left shoulder, which causes some weakness and pain. He was taking aspirin and Excedrin to help the pain, but reported problems reaching over his head. On physical examination, Plaintiff was able to raise his left shoulder and reach above his head, but it was done very slowly. All other joints had a full range of motion. Grasping and gripping ability were all within normal limits. Dr. Werner opined that Plaintiff had hypertension, with no end-organ failure, and incontinence that did not seem to

interfere with his life "in any significant way." He also concluded that Plaintiff had "probable left shoulder tendinitis, mild in nature" that only impeded Plaintiff if he had to grab something above his head that weighed more than 10 pounds. Tr. 149-50. Plaintiff testified at a hearing that he could lift 30 to 50 pounds. Tr. 180 and 182. Activities of daily living included household chores such as washing clothes and dishes, hanging clothes and shopping for groceries. Tr. 73-77. That evidence supports the ALJ's assessment of the RFC, and Plaintiff has not pointed to any legal errors or evidence of such character that it would deprive the ALJ's assessment of substantial evidence.

Plaintiff also makes a general argument that the ALJ incorrectly found that there are a significant number of jobs available that Plaintiff could not only perform but maintain. The guidelines used at step five are legally sufficient to meet the Commissioner's burden that a significant number of jobs exist for a person meeting the criteria of a rule. Fraga v. Bowen, 810 F.2d 1296, 1304 (5th Cir. 1987). Plaintiff's argument about maintaining work invokes the Fifth Circuit's Singletary decision, which interpreted disability under the Act to apply to cases in which a person is capable of working for short periods but can not *maintain* a job because his impairment flares up too often. Singletary does not, however, require every decision by an ALJ include a separate finding regarding the claimant's ability to maintain a job. Frank v. Barnhart, 326 F.3d 618, 621 (5th Cir. 2003). An ALJ's finding that a claimant can perform a certain level of work necessarily includes a finding that he is able to perform at that level not just intermittently but eight hours a day, five days a week. A separate and

express finding regarding maintaining work is required only when the claimant's ailment "waxes and wanes in its manifestation of disabling symptoms." Id. See also Dunbar v. Barnhart, 330 F.3d 670 (5th Cir. 2003). The ALJ's basic decision with respect to disability was upheld above, and there is no indication in this record that a separate finding with regard to maintaining employment was required.

Plaintiff's reply brief cites a report by Dr. John Sandifer, but it does not appear that the report is in the record of this application. This record does contain a second report issued by Dr. Werner several months after the ALJ's decision. Plaintiff reported to Dr. Werner that he had experienced chest pains for the last two months (not mentioned in Dr. Werner's original report), and Dr. Werner suggested a cardiac work up. Dr. Werner also stated that Plaintiff could lift only 10 to 20 pounds, which is not consistent with medium work. Tr. 163-64. This evidence was submitted to the Appeals Council, which reviewed it but noted that it was evidence about a later time and, thus, did not affect the ALJ's decision. Tr. 4. See 20 C.F.R. § 404.970(b) (Appeals Council will consider additional evidence "only where it relates to the period on or before the date of the administrative law judge hearing decision.") Plaintiff does not attack the Appeals Council's decision in that respect.

**Conclusion**

Plaintiff has since been found disabled, but he was obviously a few years older at the time of that decision, which is especially significant once a person approaches advanced age. There is also evidence in this record that Plaintiff later developed health problems that simply

did not exist or were not as serious at the time the ALJ decided this application. Evidence relating to the subsequent deterioration of a previously non-disabling condition is not material unless it relates to the time period for which benefits were sought and denied. Sanchez v. Barnhart, 75 Fed.Appx. 268, 270 (5th Cir. 2003). The later favorable decision does not, therefore, necessarily undermine this decision. Douglas v. Commissioner, 2005 WL 3116634 (11th Cir. 2005)(subsequent award based on a later onset date did not mean prior denial was wrong). The record shows that this decision was supported by the limited substantial evidence required by Section 405(g). A judgment will be entered in accordance with this ruling that affirms the Commissioner's decision to deny benefits.

THUS DONE AND SIGNED at Shreveport, Louisiana, this 27 day of February, 2006.

MARK L. HORNSBY
UNITED STATES MAGISTRATE JUDGE